O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLING CORPORATION, INC., a California corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>CBS STUDIOS, INC., a Delaware corporation; UBU PRODUCTIONS INC., a California corporation; PARAMOUNT HOME ENTERTAINMENT INC., a Delaware corporation,<br><br>          Defendants. | Case No. CV 11-01066 DDP (MANx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO EXTEND FACT DISCOVERY CUT-OFF DATE**<br><br>[Docket No. 34] |

    Presently before the court is Plaintiff's Ex Parte Application for an Order Extending the Discovery Cut Off Date by Sixty Days ("Application"). Having reviewed the parties' submissions, the court denies the Application and adopts the following Order.

    On February 3, 2011, Plaintiff filed its initial Complaint against Defendants, alleging copyright infringement based on Defendants' unauthorized use of Plaintiff's song. The court issued its Scheduling Order on August 9, 2011, setting a March 30, 2012

fact discovery cut-off date.  In December 2011, Plaintiff allegedly learned of additional unauthorized use of its song by Defendants.  Plaintiff then propounded its first written discovery requests on January 6, 2012.  Plaintiff also filed a Second Amended Complaint, pursuant to stipulation, on February 1, 2012.  On February 27, 2012, Plaintiff noticed depositions and third-party subpoenas for the first time, setting deposition and production dates for April 2012.  Apparently because of delays stemming from a March 1, 2012 protective order stipulation, Defendants did not produce substantive responses to Plaintiff's written discovery until March 30, 2012.  As mentioned, fact discovery ended that same day.

   Nonetheless, Plaintiff now seeks to conduct discovery after the cut-off date.  Plaintiff argues that it has good cause for the extension, because it first learned of Defendants' additional infringement in December 2011, recently filed its Second Amended Complaint in February 2012, and did not receive Defendants' substantive written discovery responses until March 30, 2012.  The court disagrees.  As Defendants note in their Opposition, Plaintiff has not provided any explanation for its failure to seek an extension <u>before</u> the cut-off date had passed.  Even if Plaintiff learned of additional infringement in December 2011, it still had more than three months to seek an extension.  Likewise, Plaintiff still had adequate time to request a continuance after it filed its Second Amended Complaint in early February 2012, and then after the discovery protective order issue arose in early March 2012.  Instead, Plaintiff waited until weeks after the discovery cut-off date had passed to file this Ex Parte Application.  Plaintiff has

1 therefore not shown due diligence and lacks good cause to reopen
2 fact discovery.
3      For all these reasons, the court DENIES Plaintiff's Ex Parte
4 Application.

6 IT IS SO ORDERED.

9 Dated: April 30, 2012

DEAN D. PREGERSON
United States District Judge