**KATTEN MUCHIN ROSENMAN LLP**
David Halberstadter (SBN 107033)
  david.halberstadter@kattenlaw.com
Tami Kameda Sims (SBN 245628)
  tami.sims@kattenlaw.com
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone: 310.788.4400
Facsimile: 310.788.4471

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DIVISION

| | |
|---|---|
| KLING CORPORATION, INC., A California Corporation,<br><br>    Plaintiff<br><br>    vs.<br><br>CBS STUDIOS, INC., A Delaware Corporation; UBU PRODUCTIONS INC., A California Corporation; PARAMOUNT HOME ENTERTAINMENT INC., A Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>    Defendants | CASE NO. CV-11-01066 DDP (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation") filed on March 1, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs VIII and X.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, Confidential Material, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and

legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

I.  <u>"Confidential Material" Defined</u>.  The term "Confidential Material" as used in this Order shall mean all "documents," as that term is defined in Rule 34 of the Federal Rules of Civil Procedure, information, and/or things reasonably deemed by any party to this action, or any third party, to contain confidential or sensitive financial, business, commercial, proprietary, trade secret,[1] or personal information and designated as Confidential Material as follows:

A.  In the case of documents and things (*e.g.* CD ROMS or other digital media), and the information contained therein, designation shall be made by the

---

[1] "Trade secrets" shall mean "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure; or (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1.

2

1  designating party affixing the following legend placed on any such document or thing:
2  "CONFIDENTIAL."
3     B. In the case of depositions and the information contained in
4  depositions (including exhibits), Confidential Material shall be designated by counsel
5  for the designating party making a statement to such effect on the record in the course
6  of the deposition, or by so advising all parties which pages contain Confidential
7  Material within ten (10) business days after receipt of the transcript. The designating
8  party alone shall have the discretion whether to designate as Confidential Material the
9  entire transcript or the portion of the transcript (including exhibits) which contains
10 Confidential Material. If such designation is made, the original and each copy of the
11 transcript shall bear substantially the following legend on the cover thereof or,
12 alternatively, the portion or portions of the deposition containing Confidential
13 Material shall be separately transcribed and the transcripts of such portion or portions
14 shall bear substantially the following legend on the cover thereof: "CONTAINS
15 CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER. Not to be
16 used or disclosed except as expressly authorized by Order of the Court."
17   This Protective Order does not preclude presenting the original of the transcript
18 in its entirety to the deponent for review, correction, and signing, nor does it preclude
19 delivery by the reporter of copies of deposition transcripts containing and/or annexing
20 Confidential Material, in their entirety and marked with the legend or legends
21 provided above, to litigation counsel for parties to this Protective Order, which
22 transcripts shall then be maintained by such litigation counsel in accordance with the
23 provisions of this Protective Order.
24    C. Except as provided in paragraph I.B., above, the designating party
25 shall make a good faith effort to **designate** as "Confidential Material" only such
26 documents, information, and/or things which the designating party reasonably
27 believes constitute confidential financial, business, commercial, proprietary, trade
28 secret, or personal information, and which the designating party believes, if publicly

disclosed, would cause present or future injury to, or otherwise constitute an unwarranted invasion of, the privacy or commercial or business interests of the designating party.

   D. The terms of this Protective Order are applicable to documents, information, and/or things produced by a non-party in this action and designated by such non-party as Confidential Material. Any Confidential Material produced by a non-party in connection with this litigation is protected by the restrictions, remedies, and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

  II. <u>Authorized Persons</u>. Confidential Material shall be used solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever. For the purpose of conducting this litigation, Confidential Material may be disclosed, copied, and used by the parties to which it is produced to and by the following persons only, and may not be disclosed to anyone not expressly authorized in this Protective Order:

   A. The attorneys in the law firms currently representing each of the parties in the above-entitled action, associated or successor counsel of record for any party in this action, or any in-house counsel for any party in this action, and their respective partners, associates, employees, secretaries, paralegal assistants, and other employees who are actively participating in the prosecution or defense of this matter;

   B. Any other attorneys, accountants, and/or experts or consultants employed or consulted by counsel described in 2.A. above for the purpose of this litigation;

   C. Any party to this action, and any officers, directors, employees, or shareholders of any party to this action;

   D. Any Court having jurisdiction over the parties and any court personnel;

   E. Deponents;

     F.    Stenographic and court reporters engaged for depositions;

     G.    Potential witnesses at trial; and

     H.    Such other persons as the parties may designate by written stipulation or by order of the Court.

All Confidential Material disclosed hereunder shall at all times be retained in the custody of counsel described in 2.A. above. In the event that the receiving party deems it necessary to disclose Confidential Material to a third party witness in any circumstance, except at deposition or at trial, counsel for the receiving party shall require, before such disclosure, that every such person to whom disclosure will be made read this Protective Order and execute a declaration in the form of Attachment A, stating that the person has read and understands this Protective Order and agrees to be bound by its terms. The undersigned counsel shall maintain a file containing the declaration executed by each such **third party witness** to whom disclosure of Confidential Material is made. Confidential Material may be disclosed to a third party witness who is being deposed even if such third party witness refuses to sign a copy of Attachment A, so long as such third party witness is instructed on the record about the terms and effect of this Protective Order.

    III.    <u>Objections to Designation</u>. In the event that any party objects to the designation of documents or other items as Confidential Materials, the objecting party shall advise the designating party of the objection(s) in writing. The objecting party and the designating party must meet and confer about the propriety of any disputed designation before the objecting party moves the Court to challenge the designation. Should an objecting party so move, the designating party will bear the burden of establishing good cause for the disputed designation. Such disputed documents or discovery materials shall be deemed Confidential Material unless and until the Court rules otherwise. Nothing in this Protective Order, however, prevents a party who designated documents as Confidential Material from agreeing to remove or modify the designation.

IV. <u>Use in Court Proceedings</u>. Subject to further order of this Court, and except as otherwise may be required by Local Rule 79-5.1 of the Local Rules of the United States District Court for the Central District of California (which rule is incorporated herein by reference), any Confidential Material filed or lodged with the Court for any purpose shall be placed in a sealed envelope or other container marked on the outside with the title of this action, identification of each document within and a statement substantially as follows:

> CONFIDENTIAL MATERIAL – SUBJECT TO PROTECTIVE ORDER. This envelope contains materials filed [lodged] under seal for the purpose of this litigation only. It shall not be opened by a person other than the Court except by Court Order or by written stipulation of all parties filed with the Clerk of this Court, and is otherwise subject to the provisions of the Protective Order entered in this action on [date].

Absent advance notification that documents and/or information has been designated as Confidential Material as described above, the Court will be free to incorporate all such evidence in its written and oral rulings.

Nothing in this **Protective Order** affects the admissibility of any documents, testimony, or other evidence at trial or restricts the use of information at trial. In the event this matter proceeds to trial, all of the information that was designated as Confidential Material becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

V. <u>Things to Be Returned</u>. Within ninety (90) days after the final disposition of this action (*i.e.*, settlement or final judgment and exhaustion of all appeals), all Confidential Materials produced by a party (including, without limitation, any copies, extracts, or summaries thereof) shall be delivered to counsel for the designating party or, at the option of counsel for the receiving party, shall be

destroyed, and each counsel shall, by declaration delivered to all adverse counsel, affirm that all such Confidential Materials (including, without limitation, any copies, extracts, or summaries thereof) have been returned or destroyed; provided, however, that each counsel shall be entitled to retain pleadings, memoranda, declarations, or affidavits, and/or deposition transcripts and videotapes which attach, contain, or refer to any Confidential Materials (including, without limitation, any copies, extracts, or summaries thereof), but only to the extent necessary to preserve a litigation file with respect to this action.

      VI. <u>Copies</u>. All copies of any Confidential Material shall also constitute, and be treated as, Confidential Material as provided in this Protective Order. Any person or entity making, or causing to be made, copies of any Confidential Material, shall make certain that each copy bears the appropriate legend pursuant to the requirements of this Protective Order.

      VII. <u>Extracts and Summaries</u>. Any extracts or summaries of any Confidential Material shall also constitute, and be treated as, Confidential Material as provided in this Protective Order, even if the extracts or summaries are not marked with a confidential designation.

      VIII. <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate information and/or documents as "Confidential" in accordance with this Protective Order at the time of production may be remedied by supplemental written notice. If such notice is given, the identified materials shall thereafter be fully subject to this Protective Order as if they had been initially designated as "Confidential," provided that there shall be no sanction for any use or disclosure of such information and/or documents prior to designation. The party to whom production was made shall comply with paragraph 2, above, with respect to anyone to whom information that is later designated as "Confidential" has been disclosed, **except for the Court and its personnel**, (*i.e.*, provide a copy of this Order and have each person execute a

declaration in the form of Attachment A, stating that the person has read and understands this Protective Order and agrees to be bound by its terms).

IX. <u>Violation of Order</u>. In the event any party, person, or entity violates or threatens to violate any terms of this Protective Order, the parties agree that the designating party may immediately apply to obtain injunctive or other provisional relief against said party, person, or entity violating or threatening to violate any of the terms of this Protective Order. Such injunctive or other provisional relief is in addition to all other remedies available to the designating party. In the event the designating party seeks such relief, the party, person, or entity subject to the provisions of this Protective Order, and against whom such relief is sought, shall not employ as a defense thereto the claim that the designating party possesses an adequate remedy at law. The parties and any other person or entity subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Protective Order.

X. <u>Subpoena of Confidential Documents</u>. If at any time any Confidential Material protected by this Protective Order is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such document or information, from the non-designating party, the non-designating party shall give prompt written notice thereof to the designating party before making any disclosures or productions. The non-designating party shall cooperate with respect to all reasonable procedures sought to be pursued by the designating party or third party whose interests may be affected by the disclosure of the Confidential Materials. The designating party or third party asserting the confidential treatment shall have the burden of defending against such subpoena, other process, or order. The person receiving the subpoena, other process, or order shall be entitled to comply with it except to the extent the designating party or third party asserting the confidential treatment is successful in obtaining an order modifying or quashing it.

Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.

XI.     Continuation of Protection After Disposition. The termination of the proceeding shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Material produced and designated pursuant to this Protective Order, unless the Court orders or the parties agree otherwise.

XII.    Miscellaneous.

A.      Term. This Protective Order shall remain in effect until further order of Court.

B.      Modification. **The parties stipulated to entry of this Protective Order** without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this **Protective Order**. Further, the parties may amend or modify any provision of this **Protective Order** by mutual agreement.

C.      Counterparts. This **Protective Order** may be executed in multiple counterpart copies, and by facsimile, each of which shall be deemed an original, and all, when taken together, shall constitute the **Protective Order**.

**IT IS SO ORDERED.**

Dated: August 10, 2012

*Margaret A. Nagle*

---

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

# DECLARATION

I hereby acknowledge that I will be receiving documents, information and/or things designated as containing Confidential Material pursuant to the terms of the Protective Order Entered Pursuant to the Parties' Stipulation (the "Order") dated the 10th day of August 2012, entered in the action entitled <u>Kling Corporation, Inc. v. CBS Studios, Inc.</u>, CV11-1066 DDP (MANx), in the United States District Court for the Central District of California. I have been given a copy of, and have read and understand, the Order. I understand that: (i) I am to make no copies of any Confidential Material except as is necessary in connection with the above-referenced action; (ii) I may use the Confidential Material only for purposes of this action and for no other action, and shall not use it for any business or other purpose; and (iii) such Confidential Material and any copies thereof, together with any notes, reports, or other documents I prepare reflecting such information, are to remain in my personal custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Material. I further agree to notify any stenographic, clerical, secretarial, paralegal, or other personnel whose functions require access to the Confidential Material of the terms of the Order. I also agree not to disseminate any information derived from such Confidential Material to anyone, or make disclosure of any such information, except for the purposes of the above-referenced proceeding or as permitted by the Order or by further order of the Court. I further understand that violation by me of the terms herein may be regarded as contempt of court and punished accordingly. I hereby expressly submit to the jurisdiction of the United States District Court for the Central District of California for

/ / /
/ / /
/ / /
/ / /

1  the purposes of any proceeding arising out of any purported violation by me of the
2  Order, including any contempt proceeding.
3      I declare under penalty of perjury of the laws of the United States of America
4  and the State of California that the foregoing is true and correct.
5
6  Dated: _____   By: _____
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28